UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY BARIAN,<br><br>         Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | No. 2:14-cv-1102 CKD P<br><br><br>ORDER |

Plaintiff is a federal prisoner proceeding pro se. Plaintiff seeks relief pursuant to 28 U.S.C. § 1346(b) and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. §1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §636(b)(1). Plaintiff has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    In order to avoid dismissal for failure to state a claim a complaint must contain more than
9    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
10   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
11   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12   statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
13   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
14   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
15   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.
16   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
17   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
18   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
19   U.S. 232, 236 (1974).

20   I.     Allegations

21   Plaintiff brings this action under the Federal Tort Claims Act.  See FDIC v. Craft, 157
22   F.3d 697, 706 (9th Cir. 1998) (holding the United States is the only proper defendant in a suit
23   brought pursuant to the FTCA).  He alleges that on November 26, 2012, while in the prison yard
24   at Federal Correctional Institution-Herlong, he was exposed to gas fumes that burned his eyes,
25   nose, and lungs, made him lightheaded, and caused him and other inmates on the yard to cough
26   and choke.  (ECF No. 1 at 1-2.)[1]  A correctional officer later informed plaintiff that another

---

[1] Citations refer to page numbers assigned by the court's docketing system.

2

officer had conducted a "training operation" involving chemical agents in the parking lot adjacent to the prison yard, separated by a chain-link fence. This officer "forgot to check his wind flaps," which resulted in the prison yard being "gassed" with chemical agents. (Id. at 4.) Plaintiff asserts that this officer committed battery upon him "by unreasonably using excessive force" and by using chemical agents without cause. (Id. at 17.) Plaintiff further asserts that the Warden negligently allowed him to be battered. (Id.)

On May 21, 2013, the Federal Bureau of Prisons received plaintiff's administrative Claim for Damage, Injury, or Death under the Federal Tort Claims Act, concerning the November 26, 2012 incident. (ECF No. 1-2 at 34.) Also in May 2013, plaintiff was transferred to a federal prison in Victorville, California. Two months later, he was transferred to a federal prison in New Hampshire. (ECF No. 1 at 14.) Plaintiff alleges that these transfers, which resulted in delayed mail and difficulties pursuing his claim about the November 2012 incident, give rise to a First Amendment retaliation claim. (Id. at 14-17.)

On February 11, 2014, the Federal Bureau of Prisons denied plaintiff's claim, stating: "Investigation fails to disclose any evidence of negligence or other conduct for which the United States is liable." Plaintiff was advised that he was "afforded six months from the date of the mailing of this letter via certified mail within which to bring suit in the appropriate United States District Court." (ECF No. 1-2 at 36.)

Plaintiff filed the complaint in the instant action on May 5, 2014. (ECF No. 1.)

II.     Applicable Law

The FTCA provides for recovery of money damages against the United States for cognizable state or common law torts committed by federal officials while acting within the scope of their employment. 28 U.S.C. §§ 1346(b), 2674.

Plaintiff asserts causes of action for assault and battery, negligence and retaliation. (ECF No. 1 at 20.) The FTCA expressly provides that it does not apply to any claim arising out of assault, battery, or several other intentional torts. 28 U.S.C. § 2680(h). In an exception, however, the FTCA allows relief when intentional torts are committed by investigative or law enforcement officers, defined as those who are "empowered by law to execute searches, to seize evidence, or

3

to make arrests for violations of Federal law." Id.; see Barber v. Grow, 929 F. Supp. 820, 823-824 (E.D. Pa. 1996). In Millbrook v. U.S., 133 S. Ct. 1441, 1446 (2013), a prisoner suit alleging tortious acts by federal correctional officers, the Supreme Court held that the FTCA's provision for intentional tort claims against law enforcement officers "extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence or making an arrest."[2]

Here, however, plaintiff does not allege intentional misconduct on the part of the unnamed correctional officer who caused gas fumes to be released into the prison yard. Rather, plaintiff represents that he was told this officer "forgot" to do to a "check" in a training operation, inadvertently causing gas to be released into the prison yard. Thus the court finds that the complaint does not state an intentional tort claim under the FTCA.

The FTCA can extend tort liability to the U.S. government if the facts show that the actions taken amount to negligence under California law. Under California law, negligence is established if the defendant can show that his injury is a result of the plaintiff's breach of a duty of care. Nally v. Grace Cmty. Church, 47 Cal. 3d 278, 294 (1988). There are two types of duty imposed by law: a general duty of care to others and duties arising from a special relationship between the parties. Peterson v. San Francisco Cmty. Coll. Dist., 36 Cal. 3d 799, 806 (1984). The Bureau of Prisons has an affirmative duty to "provide suitable quarters" and protection for inmates. 18 U.S.C. § 4042(2)-(3). Thus for screening purposes, the court concludes that plaintiff states a claim for negligence under the FTCA.

As to plaintiff's retaliation claim, such a claim is properly brought under 42 U.S.C. §1983. Thus plaintiff fails to state a cognizable claim on this basis.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

---

[2] In Millbrook, the Government conceded that the named correctional officers qualified as "investigative or law enforcement officers" within the meaning of the FTCA, and the Court expressed no opinion on that issue. Id. at 1445, n.3.

  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Warden, Federal Correctional Institution—Berlin, filed concurrently herewith.

  3. The United States Marshal is directed to serve all process without prepayment of costs not later than sixty days from the date of this order. Service of process shall be completed by delivering a copy of the summons and complaint to the United States Attorney for the Eastern District of California, and by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C. <u>See</u> Fed. R. Civ. P. 4(i)(1)(A) & (B). The Marshal shall also send a copy of the summons and complaint by registered or certified mail to the Warden, Federal Correctional Institution-Herlong, at 741-925 Access Road A-25, Herlong, CA, 96113. <u>See</u> Fed. R. Civ. P. 4(i)(2).

Dated: July 1, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / bari1102.screen